UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| DARRYL T. BROWN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 4:13-CR-11-HSM-SKL-5 |
| | ) | | 4:16-CV-4-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 651]. The government filed a request for an extension of time to reply on March 22, 2016 [Doc. 662] and a response in opposition to collateral relief later that same day [Doc. 663]. For the reasons stated below, the government's request for an extension of time [Doc. 662] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 651] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.    BACKGROUND**

Over the course of five separate controlled transactions in 2011, Petitioner sold a total of 21 grams of crack cocaine to a government informant [Doc. 191 ¶ 4]. A subsequent Court authorized wiretap of a telephone used by co-defendant Calvin Fontaine Hadley revealed that Petitioner regularly bought ounce quantities of crack cocaine from Hadley for resale to others [*Id.*]. Additionally, other co-defendants informed law enforcement agents that Petitioner accompanied Hadley to Nashville, Tennessee, to obtain kilogram quantities of powder cocaine [*Id.*]. In November 2013, Petitioner pled guilty to conspiring to distribute and possess with

intent to distribute at least 500 grams of cocaine and 28 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [Docs. 191, 277].

Based on his prior state convictions for the sale of cocaine, aggravated burglary, and the possession of controlled substances for resale, Petitioner was deemed a career offender with a resulting guideline range of 188 to 235 months' imprisonment [Presentence Investigation Report ("PSR") ¶¶ 26, 32, 33, 37, 60]. Petitioner ultimately received a within-guidelines 188-month term of incarceration with five years' supervised release [Doc. 475]. No appeal was taken.

In January 2015, Petitioner filed a motion for a sentence reduction in light of 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782, which reduces the base offense level for many drug offenders [Docs. 545, 596]. The government responded in opposition to § 3582 relief on February 17, 2015 [Doc. 548] and, to date, the motion remains pending before the Court.[1]

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague—on June 26, 2015. 135 S. Ct. 2551 (2015). Two months later, in August 2015, petitioner filed a motion pursuant to 28 U.S.C. § 2241 in the District of South Carolina, the district of his confinement, to contest the propriety of his career-offender classification in light of both *Johnson* and *United States v. Simmons*, 649 F.3d 327 (4 th Cir. 2011) (*en banc*) [Doc. 651]. Specifically, Petitioner argued: (1) because the sentences he received for two prior drug-possession convictions did not exceed one year, those convictions could not qualify as controlled-substance offenses within the meaning of Section 4B1.2 of the

---

[1] Petitioner also filed a motion under Federal Rule of Criminal Procedure 36 alleging that the PSR misstates one of his prior convictions as "attempt to commit aggravated robbery" when it should be listed as attempted aggravated burglary and that the error adversely affects his Bureau of Prisons classification [Doc. 610]. That motion, too, remains pending before the Court.

2

United States Sentencing Guidelines [*Id.* at 5]; and (2) post-*Johnson*, he lacked the necessary predicate offenses to qualify as a career offender subject to enhancement under that same provision [*Id.* at 8–11]. The matter was referred and a magistrate judge in the District of South Carolina reviewed Petitioner's claims, eventually finding that it lacked jurisdiction consider the claims under § 2241 and recommending that the Petition be re-characterized under § 2255 and transferred to this Court [*See generally* Doc. 652]. The district court in South Carolina adopted that recommendation and transferred the petition on January 14, 2016 [Docs. 651, 652].

**II.      NON-DISPOSITIVE MOTION**

On March 22, 2016—eleven days after their response was due under the Court's original Order—the government filed a motion for an "extension *nunc pro tunc*" [Doc. 662]. For good cause shown, the motion will be **GRANTED** and contemporaneous response deemed timely.

**III.     STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner articulates two grounds of collateral attack. In the first, he cites *Johnson*—in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") for unconstitutional vagueness—as proof that the Court can no longer categorize him as a career offender under Section 4B1.2 [Doc. 651 pp. 8–11 (implying that *Johnson*'s holding extends to identical provisions of the United States Sentencing Guidelines and, as a result, his prior convictions no longer qualify as career-offender predicates)]. In the second, he cites the Fourth Circuit's decision in *Simmons* as evidence that two of his predicate convictions—"simple possession of a controlled substance," federal misdemeanors—did not qualify as predicate drug offense under § 4B1.2 because they were not "punishable by imprisonment for a term exceeding one year" [*Id.* at 4–6]. Both claims fail as a matter of law.[2]

### A. Entitlement to Relief under *Johnson*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or

---

[2] The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 663 pp. 3–4]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 191 ¶ 12(b)], it is far from clear that such waiver can be enforced to bar him from challenging a sentence under the circumstances present in the instant case. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

(3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). The Supreme Court significantly limited *Johnson*'s scope by holding the opinion did not "call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., application of the use-of-physical force or enumerated-offense clauses. 135 S. Ct. at 2563. The Court finds that it need not address retroactivity to non-ACCA cases or extension to the parallel residual clause found in Section 4B1.2(a)(2)'s definition of "crime of violence" because applying *Johnson* to the instant case would have no effect whatsoever upon Petitioner's career offender classification or sentence. *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 651].

Section 4B1.2 defines "controlled substance offense" as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). Two of Petitioner's convictions—the October 1998 conviction for sale of cocaine and August 2002 conviction for possession of a controlled substance for

5

resale [PSR ¶¶32, 37]—fall squarely within this definition, *see United States v. Carter*, 283 F.3d 755, 757–58 (6th Cir. 2002) (finding three convictions for sale of cocaine constituted three separate predicate offenses under 4B1.2); *United States v. Kinzer*, No. 2:10-cr-84, 2014 U.S. Dist. LEXIS 29340, at *2–3, 15–19 (E.D. Tenn. Mar. 7, 2014) (explaining two convictions for possession of marijuana with intent to sale constituted predicate "controlled substance offenses"); *Draper v. United States*, 2009 U.S. Dist. LEXIS 9925, at *9 (E.D. Tenn. Feb. 9, 2009) ("Draper was properly found to be a career offender, within the meaning of [Section] 4B1.1, based upon his prior felony convictions for attempted possession of cocaine for resale and possession of marijuana for resale."), and, as a result, were properly classified as qualifying predicate convictions under Section 4B1.1(a)(3). *Johnson* is inapposite and Petitioner has not established an entitled to relief. *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where an enhancement stemmed from drug offenses).

### A. Entitlement to Relief under *Simmons*

As an initial matter, the Court notes that the case on which Petitioner relies—*Simmons*—originated from the Fourth Circuit Court of Appeals and thus cannot tether this Court to a specific course of action. Even if the decision were binding, *Simmons* cannot operate as a basis for collateral relief because the two convictions about which Petitioner complains—"simple possession of a controlled substance in April and October 2001 [Doc. 651 p. 5]—were never used to enhance his sentence or to classify him as a career offender [PSR ¶¶ 34, 35]. Rather, it was two other drug convictions—the previously referenced 1998 conviction for sale of cocaine and 2002 conviction for possession of a controlled substance for resale—that provided the basis for applying Section 4B1.1's career offender designation [*Id.* ¶¶ 32, 37]. Because the latter were not merely punishable, but actually punished, by more than one year of imprisonment [*Id.*

6

(explaining Petitioner received a five year sentence for the 1998 offense and twelve year sentence for the 2002 offense)], it is immaterial whether the former qualified as controlled substance offenses, i.e., predicate convictions, under Section 4B1.2(b).

IV. **CONCLUSION**

For the reasons discussed above, the government's request for an extension of time [Doc. 662] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 651] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**A SEPARATE JUDGMENT ORDER WILL ENTER.**

                                                    */s/ Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE